NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **ORDER** |
| v. | Civil Action No. 13-cv-140 (DMC) (JAD) |
| AMALIA MIRASOLA, V.M., N.M., A.M., AND THE ESTATE OF CARL MIRASOLA, | |
| Defendants. | |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon a motion by plaintiff Metropolitan Life Insurance Company ("MetLife") for Default Judgment against Amalia Mirasola ("Mirasola"), Interpleader Relief, and for Attorney's Fees and Costs, upon notice to Mirasola, V.M., N.M., and A.M., and the Estate of Carl Mirasola (collectively "Defendants"). (Pl.'s Mot. for Default Judg., Feb. 28, 2013, ECF No. 18). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering all submissions, and based upon the following;

**WHEREAS** Carl Mirasola, deceased, ("the Decedent") was an employee of Pearson Inc. and a participant in the Pearson Inc. Welfare Benefit Plan ("the Plan"), an employee welfare benefit plan sponsored by Pearson Inc. and funded by a group life insurance policy issued by MetLife;

1

**WHEREAS** the Decedent was found dead in his home on May 22, 2010 from multiple gunshot wounds and, Decedent's wife, Mirasola, was convicted for his shooting death;

**WHEREAS** at the time of death, Decedent was enrolled under the Plan for various life insurance benefits in an amount totaling $614,000 ("Plan Benefits") with no beneficiary designation on file;

**WHEREAS** claims for the Plan's benefits were filed on behalf of Decedent's estate, on the basis that the Probate Court ordered all insurance proceeds to be paid to the Estate, and the Decedent's minor children, V.M., A.M., and N.M. on the basis they are entitled pursuant to the Plan's facility-of-payment provision;

**WHEREAS** the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq.

**WHEREAS** MetLife agrees that the life insurance benefits are due under the Plan as a consequence of the Decedent's death but cannot determine whether a court would find Mirasola disqualified from receiving Plan Benefits or whether ERISA preempts the Court order requiring payment of the Plan benefits to the Estate;

**WHEREAS** default judgment is governed by Federal Rule of Civil Procedure 55 which provides, in relevant part, as follows: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a);

**WHEREAS** "the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred." See Anchorage Assoc. v. Virgin Island Bd. of Tax Review, 922 F.2d 168, 177 n. 9 (3d Cir. 1990);

**WHEREAS** the Complaint in Interpleader was filed on January 8, 2013 and, although Mirasola was served, she has not answered nor filed a motion;

**WHEREAS** default was entered against Mirasola on February 23, 2013;

**WHEREAS** MetLife filed this action in an effort to shield itself from conflicting claims arising from Decedent's death and assuring the correct beneficiary or beneficiaries receive payment;

**WHEREAS**, pursuant to the Court's Order to Deposit Sum of Money, MetLife has deposited $616,052.28, the Plan Benefits plus accrued interest, with the Clerk of the United States District Court;

**WHEREAS** the "prevailing view is that '[i]nterpleader is a valuable procedural device for ERISA plans who are confronted with conflicting multiple claims upon the proceeds of an individual's benefit plan.'" Metropolitan Life Ins. Co. v. Price, 501 F.3d 271 (3d Cir. Sept. 4, 2007) (quoting Trustees of Directors Guild of Am. Producer Pension Benefits Plans v. Tise, 234 F.3d 415, 426, as amended upon denial of reh'g, 255 F.3d 661 (9th Cir.2000));

**WHEREAS** "[I]nterpleader, whether statutory or under Rule 22 and whether asserted in a complaint or by way of a crossclaim or counterclaim affords a party who fears that he will be exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle his controversy and satisfy his obligation in a single proceeding." Travelers Ins. Co. v. Johnson, 579 F. Supp. 1457, 1460 (D.N.J. 1984);

**WHEREAS** MetLife has demonstrated it is exposed to multiple liabilities due to competing claims to the Plan Benefits;

**WHEREAS** a party may also seek interpleader relief under 28 U.S.C. § 1335, upon satisfaction of five criteria.  See New York Life Distributors, Inc. v. The Adherence Group, Inc., 72 F.3d 371, (3d Cir. 1995) (describing criteria);

**WHEREAS** MetLife has also satisfied the five criteria required for interpleader relief under 28 U.S.C. § 1335;

**WHEREAS** 28 U.S.C. § 2361 provides, in relevant part, "[i]n any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court[;]"

**WHEREAS** "[w]hen an obligation carries with it a foreseeable risk of competing claims, the courts have found that the stakeholder assumed that risk as part of the obligation." Frontier Ins. Co. v. Mission Carrier, Inc., Civ. No. 91-5151, 1992 WL 209299, at *2 (D.N.J August 24, 1992) (citation omitted).

**WHEREAS** courts have been sensitive to the unfairness of transferring the stakeholder's normal costs of doing business to claimants who are rightfully entitled to the fund. Id. (citation omitted).

IT IS 1st day of May 2013;

**ORDERED** that MetLife's request for default judgment in its favor and against Defendant Amanda Mirasola is **granted**; and it is further

**ORDERED** MetLife's motion for interpleader relief is **granted**, and it is further;

4

**ORDERED** that the parties hereto are restrained and enjoined from instituting and/or prosecuting any other suit of cause of action of civil proceeding against MetLife, Pearson Inc., or the Plan on account of the death of the Decedent; and it is further;

**ORDERED** that MetLife's request for a portion of attorney's fees is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Original:     Clerk's Office
cc:           Hon. Joseph A. Dickson, U.S.M.J.
              All Counsel of Record